MATTER OF VAILLANCOURT

In Visa Petition Proceedings

ATL–N–1311

*Decided by Regional Commissioner November 16, 1970*

To qualify for classification as a nonimmigrant intra-company transferee under section 101 (a) (15) (L) of the Immigration and Nationality Act, as amended, the beneficiary must have been employed abroad continuously for at least one year immediately before coming to the United States in a capacity that was executive, managerial or involved specialized knowledge, and must be coming to continue serving the same employer (or a subsidiary or affiliate) in one of those capacities.

The District Director denied the application on the ground that beneficiary has not been employed abroad for one year by the petitioner in an executive or managerial capacity and then certified his matter to the Regional Commissioner for review and decision. Petitioner has submitted a written statement for our consideration.

The petitioner, a division or subsidiary of an American corporation, desires to bring the beneficiary to the United States temporarily to serve in the capacity of Service and Parts Manager at its location in Georgia. The beneficiary is a native and citizen of Canada. He has been employed continuously in Canada by the petitioner since November 23, 1964.

According to the record, beneficiary's experience and training has been obtained by his working for the petitioner as a clerk (shipping and receiving), as a sales correspondent and then as sales assistant. The petitioner believes the beneficiary qualifies as manager under section 101 (a) (15) (L) of the Act, as amended Public Law 91–225 enacted on April 7, 1970, and in any event the basis that the position he will hold in the United States involves specialized knowledge.

Petitioner states that no individual, without beneficiary's specialized knowledge, could successfully operate as Service Parts

654

Manager. Petitioner lists beneficiary's responsibilities as a sales assistant as follows:

1. Reviews optimum retail profile regularly.
2. Obtains wood production data regularly for States and Provinces and applies to it to retail profile.
3. Estimates total market potential.
4. Obtains information on competitive outlets and applies this to the retail profile.
5. Assists in the distribution of the dealer operating policy manual.
6. Coordinates and prepares Dealer contracts.
7. Assists in completion of the Plan for Profit program.
8. Prepares financial analysis of Dealers.
9. Assists Dealer Managers in analyzing new and present territories.

Section 101 (a) (15) (L) of the Act, as amended, reads as follows:

(L) an alien who, immediately preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge, and the alien spouse and minor children of any such alien if accompanying him or following to join him.

The record does not show and the petitioner does not claim that beneficiary has been serving in a managerial or executive capacity for the petitioner in Canada. We believe an issue is presented here which should be resolved. It turns on the interpretation of section 101(a) (15) (L). To qualify as an intra-company transferee, is it required, as a condition precedent, that the subject of the transfer as a manager or executive must be transferring from an executive or managerial position? If so, must the transferee have served in such a capacity continuously for at least one year prior to coming to the United States. The same questions would appear applicable to an individual being transferred to serve in a capacity requiring specialized knowledge.

For guidance at arriving at a conclusion as to the intent of Congress, we turn to the legislative history of Public Law 91–225 as set forth in the House of Representatives Report, 91–851 (Judiciary Committee) of February 24, 1970. Therein is stated, in pertinent part, the following:

(L) A nonimmigrant classification for an alien who had been employed abroad for at least 1 year by a corporation or other legal entity *in a capacity that was executive, managerial, or required specialized knowledge*

⌐ who is seeking to enter the United States to continue employment with
: same employer. (Emphasis supplied).

In light of the above-quoted paragraph from the House of Representatives Report, it would appear clear that a beneficiary of a :tition filed under section 101(a)(15)(L), in order to quality ereunder, must have been employed abroad by a corporation or her legal entity for at least one year in a capacity that was executive or managerial, or required specialized knowledge immedi-:ely preceding application for admission to the United States.

In line with the foregoing, we agree with the District Director ⌐at the beneficiary of the instant petition has not had qualifying ⌐perience abroad as a manager or executive. His decision was si-:nt with respect to experience abroad requiring "specialized nowledge," perhaps because the petitioner was seeking the beneficiary's services as a Service Parts Manager.

However, the written representations submitted by petitioner ⌐o the District Director, subsequent to the latter's decision, state ⌐he position beneficiary would be transferred to in the United ⌐tates certainly involves specialized knowledge. The District ⌐irector did not believe this factor as worthy of consideration, ⌐tating the knowledge of the beneficiary is not unique and that ⌐ny person similarly employed would obtain these qualifications ⌐ithin six years.

According to Standard and Poor's, the American corporation of Eaton Yale and Towne is a loading supplier of truck axles, transmissions, engine parts, springs, etc. In 1969, this corporation had net sales of over one billion dollars. As the petitioner points out, the transferee of the beneficiary is being sought as Service Parts Manager at its central Parts Depot for all of the United States.

Based upon the record before us, we find that the beneficiary has been employed abroad by the petitioner continuously for one year in a capacity requiring specialized knowledge. We also find that the beneficiary will be employed in a managerial capacity for the same employer in the United States in a position for which he appears qualified by virtue of the specialized knowledge previously acquired. The beneficiary meets the test of the statute and the legislative history of (1) having been employed abroad continuously at least one year immediately prior to his coming to the United States in a capacity that was executive, managerial *or* involved specialized knowledge, and (2) his entry is sought so that he may continue serving the same employer in one of those capacities. We, therefore, conclude that he is eligible for classification

as a nonimmigrant under section 101(a)(15)(L) of the Act, as amended. Accordingly, we shall approve the petition.

**ORDER:** It is ordered that the petition be and the same is hereby approved.